FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 OCT 27 PM 12: 12
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JAMES D. ANDERSON,

    Plaintiff,

v.                              CV 114-133

ELIZABETH ANN CLOGG and
AMERICAN HONDA MOTOR CO., INC.,
and/or A.B.C. that individual
partnership, profit corporation
(foreign) or company doing
business as the same on
May 26, 2012,

    Defendants.

# ORDER

On June 17, 2014, Defendants removed this action on the basis of diversity jurisdiction. (Doc. 1.) The Court, on June 20, 2014, recognized an issue as to whether this case should be remanded for lack of federal subject matter jurisdiction because Defendants had not established the requisite $75,000.00 amount in controversy to support diversity jurisdiction. (Doc. 7.) The Court afforded Defendants an opportunity to make a showing that this case met the amount in controversy requirement. See Williams v. Best Buy Co., 269 F.3d 1316, 1321 (11th Cir. 2001) (allowing a defendant the opportunity to submit evidence in support of its assertion that the jurisdictional amount was satisfied).[1] Because

---

[1] In fact, the Eleventh Circuit has instructed that "where the notice of removal asserts the jurisdictional amount and the plaintiff does not challenge that assertion in the district court, we will remand the case to the district court for factual findings on the amount in controversy if the amount in controversy cannot be clearly determined by a review of the record." Id. at 1321.

Defendants have timely responded to the Order to Show Cause, this Court now makes a factual determination as to whether the amount in controversy is satisfied in this case.

## I. BACKGROUND

On May 19, 2014, Plaintiff filed suit in the Superior Court of Richmond County, Georgia, alleging only state law claims. (See Doc. 1, Ex. 1.) In his complaint, Plaintiff alleges that Defendant Elizabeth Clogg caused a collision with his vehicle. (Doc. 10, Ex. 1.) Plaintiff avers that Defendant Clogg violated Georgia Motor Vehicle laws at the time of the accident. And, as a result of the accident, Plaintiff seeks compensation for his property damage; medical expenses from several broken teeth and a broken wrist; lost wages; general damages; and reasonable attorney's fees. (Id.)

## II. LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties here are of diverse

2

citizenship. Thus, the only jurisdictional prerequisite at issue is the amount in controversy.

A defendant, as the party removing the case to the district court, bears the burden of proof with regard to establishing federal jurisdiction. Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006). "[R]emoval from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id.; see also Lowery v. Alabama Power Co., 483 F.3d 1184, 1187 (11th Cir. 2007).

In assessing whether the defendant has met its burden, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Pretka, 608 F.3d at 754. This evidence may be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. "[N]either the defendants nor the court may speculate," however, and "the existence of jurisdiction should not be divined by looking to the stars." Lowery, 483 F.3d at 1215. Consequently, all doubts about the propriety of removal should be resolved in favor of remand. King v. Gov't Emps. Ins. Co., No. 13-

3

14794, 2014 WL 4357480, at *3 (11th Cir. Sept. 4, 2014) (citing Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006)).

### III. DISCUSSION

In response to the Court's Show Cause Order, Defendants offered four pieces of evidence: (1) Plaintiff's complaint; (2) Plaintiff's stipulation as to the amount in controversy; (2) an assessment of property damage and cost of repairs; and (3) a summary of Plaintiff's recorded statement. (Doc. 7, Exs. 2-4.)

Here, Defendants assert that Plaintiff's stipulation alone should be sufficient to meet this burden. "However, a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because jurisdictional objections cannot be forfeited or waived." Eckert v. Sears, Roebuck & Co., No. 8:13-cv-2599, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (internal quotation marks omitted). This Court thus has "an obligation to determine that the requisite jurisdictional amount is satisfied and that inquiry is independent of the parties' assertions or desires to litigate in federal court." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE Vol. 14AA, § 3702 (4th ed. 2013).

Plaintiff seeks both general and special damages, consequential damages, and reasonable attorney's fees and costs. (Doc. 10, Ex. 1.) In terms of damages resulting from the accident, Plaintiff's car was totaled; he suffered a broken wrist that required surgery and several broken or cracked teeth; and he missed at least four days of work. (Doc. 10, Ex. 2.) Taking each item in turn, the Court concludes that Defendants have failed to prove by a

4

preponderance of the evidence that the amount in controversy exceeds $75,000.00. Specifically, the evidence produced relating to the car's value equals, at most, $9,325.00. (Doc. 10, Ex. 3.) With regard to the medical damages, Defendants do not provide the Court with any documentation of the injuries or medical expenses, aside from Plaintiff's stipulation. (Doc. 10.) Plaintiff merely asserts that the tooth repairs are estimated to "exceed $10,000.00." (Id., Ex. 2.) Additionally, Plaintiff's broken wrist, which was apparently not recognized by the emergency doctors and ultimately required surgery, is "reasonably expected to be in excess of $15,000.00." (Id.) Finally, Plaintiff claims several thousand dollars in lost wages for at least four days missed work, though he does not indicate his profession or salary. (Id.)

In Givens v. Publix Super Markets, Inc., the court found that the defendant failed to prove the amount in controversy exceeded $75,000.00. No. 1:13-cv-16, 2013 WL 4518133, at * 3 (M.D. Ga. Aug. 26, 2013). There, the plaintiff alleged "medical expenses of only $42,022.30, [] general damages and damages associated with future medical bills." Id. Here, Defendants ask the Court to engage in the same type of speculation. Based on the numbers provided, the special damages requested total $37,325.00.[2] Defendants thus ask this Court to find that the general damages and attorney's fees exceed $37,675.00, without any indication as to the factual basis for those damages.[3] Defendants have not provided any documentation

---

[2] Presumably, Defendants expect the medical expenses to exceed $25,000.00; however, this Court will not assume a number not supported by the evidence.

[3] Plaintiff additionally states that the extent of the damage to his wrist is unknown, but he expects up to a fifty percent loss in range of

5

as to the extent of the injury, aside from Plaintiff's recorded statement and stipulation, nor have they provided any comparison cases to show the value of the claims. And while true that the Court may make reasonable deductions, inferences, or extrapolations, the Court will not "speculate as to the amount in controversy without the benefit of evidence in support thereof." Id.

Because Defendants have failed to prove the amount in controversy by a preponderance of the evidence, the Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Richmond County, Georgia. The Clerk is further directed to **TERMINATE** all motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of October, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

motion. (Doc. 10, Ex. 2.) However, Defendants have not provided any documentation to that effect.